**FILED**

VANESSA L. ARMSTRONG, CLERK

JAN 1 3 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WCP/FERN EXPOSITION SERVICES, LLC
d/b/a GEORGE FERN CO.                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 3:08CV-522-S

JEFFREY P. HALL and
GENESIS EXPOSITION SERVICES, LLC                              DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty
to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law
to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law.  You must consider the
instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court.  You
must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence
I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and
the exhibits admitted in the record.  It is your own interpretation and recollection of the evidence that
controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

There are several claims asserted in this case. In these instructions, I will refer to the parties as "Fern," "Hall," and "Genesis," rather than continually repeating their names in full.

Fern claims that Hall breached a fiduciary duty he owed to Fern during the time he was employed by Fern. Fern also claims that Hall and Genesis interfered with Fern's contracts and business relationships. You should consider each instruction separately and independently with regard to these various claims. A finding for the plaintiff or for a defendant on a claim under one instruction does not require a particular finding under any other instruction.

## A.

## BREACH OF FIDUCIARY DUTY - HALL

Fern claims that Hall breached a fiduciary duty he owed to Fern.

A fiduciary relationship is founded on the trust or confidence that one person or entity places in the integrity and fidelity of another.  The person in whom trust or confidence is placed is said to have a "fiduciary duty."  This duty requires that he act primarily for the benefit of the other party in matters within the scope of their relationship.

This court has already determined that Hall owed a fiduciary duty to Fern during his employment with Fern.  This duty of loyalty and faithfulness included the following specific duties: (a) the duty not to act against Fern's interests while Hall was employed by Fern; (b) the duty not to establish an enterprise which competed with Fern while Hall was employed by Fern; and (c) the duty to disclose to Fern, while employed by Fern, any information which could damage Fern.

The only matters for you to determine from the evidence with respect to this claim are (1) whether Hall's conduct prior to his resignation breached his fiduciary duty and, if so, (2) whether such breach caused damage to Fern at any time before or after Hall's resignation from Fern.

Do you find from the evidence that Hall breached his fiduciary duty owed to Fern, as defined in these instructions, and that such breach caused damage to Fern?

You will indicate your answer to this question on Verdict Form A, then proceed to the next instruction.

- 3 -

## **B.**

## **INTERFERENCE WITH CONTRACT - HALL AND GENESIS**

Fern claims that the defendants, Hall and Genesis, interfered with its contract with the National Society of Histotechnology.  (Referred to in this case as "Histo").

You may find the defendants liable on this claim for interference only if you find from the evidence that:

1.   Fern had a contract with Histo;

2.   The defendants knew of the contract;

3.   The defendants intentionally interfered with such contract without justification;

4.   The defendants' actions caused Histo to breach its contract with Fern; and

5.   Fern suffered damage as a result.

Do you find from the evidence that the defendants are liable for interference with Fern's contract with Histo, as defined in these instructions?

You will indicate your answer to this question on Verdict Form B, then proceed to the next instruction.

-4-

## C.

## INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

Fern claims that the defendants, Hall and Genesis, intentionally interfered with certain prospective business relationships by: (a) causing other businesses or entities desiring exposition services not to enter into or continue a business relationship with Fern; or (b) preventing Fern from acquiring or continuing a business relationship with other businesses or entities needing exposition services.

You may find the defendants liable on this claim for interference only if you find from the evidence with respect to a specific business or entity that:

1. Fern had a business relationship and/or the reasonable expectancy of a business relationship with a business or entity for the provision of exposition services;

2. The defendants knew or should have known of the relationship or expectancy;

3. The defendants acted intentionally and without justification to either end the relationship or prevent the expectancy;

4. The defendants' interference caused Fern to lose its relationship or expectancy;

5. The defendants engaged in significantly wrongful conduct, considering the following factors:

    (a) The nature of the defendants' conduct;

    (b) The defendants' motive;

    (c) The interests of Fern;

    (d) The interests the defendants sought to advance;

    (e) The social interests in protecting the freedom of defendants' action and the contractual expectancies of Fern;

(f)     The proximity or remoteness of the actor's conduct to the interference; and

(g)     The relations between the parties; and

6.     The defendants' interference caused damage to Fern.

Do you find from the evidence that the defendants are liable for interference with a prospective business relationship between Fern and any of the following businesses or entities, as defined in these instructions?

1.     A prospective business relationship with the Greater Louisville Automobile Dealers Association ("GLADA")

2. A prospective business relationship with Exhibit Management Associates ("EMA")

3. A prospective business relationship with the Federal Business Council's Armor Warfighting Conference

4. A prospective business relationship with the Federal Business Council's Reconnaissance Summit

You will indicate your answers to this question on Verdict Form C, then proceed to the next instruction.

## D.

## COMPENSATORY DAMAGES CLAIMED BY FERN

If you have found Hall or Genesis liable on any of the Verdict Forms A through C, you must now determine what sum or sums of money will reasonably and fairly compensate Fern for any damages which you find from the evidence resulted from the wrongful conduct you have found occurred in this case.  Fern seeks the following damages:

1.    A sum, not to exceed $791,659.41, for lost profits related to the National Society of Histotechnology ("Histo").

2.    A sum, not to exceed $641,738.12, for lost profits related to the Greater Louisville Automobile Dealers Association ("GLADA").

3.    A sum, not to exceed $5,427,873.41, for lost profits related to Exhibit Management Associates ("EMA").

4.    A sum, not to exceed $186,864.23, for lost profits related to the Federal Business Council's Armor Warfighting Conference.

5.    A sum, not to exceed $52,333.29, for lost profits related to the Federal Business Council's Reconnaissance Summit.

Fern is entitled to recover damages that are reasonably certain in existence and amount and that have been proved to you by the greater weight of the evidence.  You may not award damages that are remote and speculative.  In addition, Fern had a duty to exercise reasonable care to reduce and minimize any damages it may have sustained, and to the extent it failed to exercise such care you must reduce your award accordingly.

You will indicate your award of damages, if any, on Verdict Form D, and proceed to the next instruction.

- 7 -

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which

set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

**VERDICT FORM A**

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>WCP/FERN EXPOSITION SERVICES, LLC<br>d/b/a GEORGE FERN CO.<br><br>v.<br><br>JEFFREY P. HALL and GENESIS EXPOSITION<br>SERVICES, LLC | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:08CV-522-S |

Do you find from the evidence that the defendant, Jeffrey P. Hall, breached the fiduciary duty he owed to the plaintiff, WCP/Fern Exposition Services, LLC, as defined in these instructions, and that such breach caused damage to Fern?


_____ Yes          _____ No


| Foreperson's Signature | Date |
|---|---|

**VERDICT FORM B**

| | District |
|---|---|
| $\mathfrak{United}$ $\mathfrak{States}$ $\mathfrak{District}$ $\mathfrak{Court}$ | Western District of Kentucky |

| Case Title | Docket No. |
|---|---|
| WCP/FERN EXPOSITION SERVICES, LLC d/b/a GEORGE FERN CO.<br><br>v.<br><br>JEFFREY P. HALL and GENESIS EXPOSITION SERVICES, LLC | CIVIL ACTION NO. 3:08CV-522-S |

Do you find from the evidence that the defendants, Jeffrey P. Hall and Genesis Exposition Services, LLC, are liable for interference with a contract between plaintiff WCP/Fern Exposition Services, LLC and the National Society of Histotechnology, as defined in these instructions?

_____ Yes          _____ No

| Foreperson's Signature | Date |
|---|---|
| | |

**VERDICT FORM C**

| | District |
|---|---|
| 𝕌nited 𝕊tates 𝔻istrict ℭourt | Western District of Kentucky |

| Case Title | Docket No. |
|---|---|
| WCP/FERN EXPOSITION SERVICES, LLC d/b/a GEORGE FERN CO.<br><br>v.<br><br>JEFFREY P. HALL and GENESIS EXPOSITION SERVICES, LLC | CIVIL ACTION NO. 3:08CV-522-S |

Do you find from the evidence that the defendants, Jeffrey P. Hall and Genesis Exposition Services, LLC, are liable for interference with a prospective business relationship between plaintiff WCP/Fern Exposition Services, LLC and one or more of the following businesses or entities, as defined in these instructions?

1. A prospective business relationship between WCP/Fern Exposition Services, LLC and the Greater Louisville Automobile Dealers Association?

_____ Yes          _____ No

2. A prospective business relationship between WCP/Fern Exposition Services, LLC and Exhibit Management Associates?

_____ Yes          _____ No

3. A prospective business relationship between WCP/Fern Exposition Services, LLC and the Federal Business Council's Armor Warfighting Conference?

_____ Yes          _____ No

4. A prospective business relationship between WCP/Fern Exposition Services, LLC and the Federal Business Council's Reconnaissance Summit?

_____ Yes          _____ No

| Foreperson's Signature | Date |
|---|---|
| | |

**VERDICT FORM D**

| 𝕮nited 𝕮tates 𝕮istrict 𝕮ourt | **District**<br><br>Western District of Kentucky |
|---|---|

| **Case Title**<br><br>WCP/FERN EXPOSITION SERVICES, LLC<br>d/b/a GEORGE FERN CO,<br><br>v.<br><br>JEFFREY P. HALL and GENESIS EXPOSITION<br>SERVICES, LLC | **Docket No.**<br><br><br>CIVIL ACTION NO. 3:06CV-372-S |
|---|---|

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:**

1. Lost profits related to the National Society of Histotechnology business.

   $ _____
   (Not to exceed $791,659.41)

2. Lost profits related to the Greater Louisville Automobile Dealers Association business.

   $ _____
   (Not to exceed $641,738.12)

3. Lost profits related to Exhibit Management Associates business.

   $ _____
   (Not to exceed $5,427,873.41)

4. Lost profits related to Federal Business Council's Armor Warfighting Conference business.

   $ _____
   (Not to exceed $186,864.23)

5. Lost profits related to Federal Business Council's Reconnaissance Summit business.

   $ _____
   (Not to exceed $52,333.29)

**TOTAL**

   _____
   (Not to exceed $7,100,468.46)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |