UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WCP/FERN EXPOSITION SERVICES, LLC
d/b/a GEORGE FERN CO.                                                              PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:08CV-522-S

JEFFREY P. HALL and
GENESIS EXPOSITION SERVICES, LLC                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Jeffrey P. Hall and Genesis Exposition Services, LLC (collectively, "Hall"), for judgment as a matter of law, or in the alternative, for an altered or amended judgment, or alternatively for a new trial on damages (DN 140). This motion was filed after a jury verdict was returned in favor of the plaintiff, WCP/Fern Exposition Services, LLC d/b/a George Fern Co. ("Fern"), for intentional interference with a contract between Fern and the National Society of Histotechnology ("Histo")(the "Fern-Histo contract"). The jury awarded Fern $488,461.00 in lost profits related to the Histo business.

Hall moved for judgment as a matter of law at the close of the evidence in the trial of this matter. He again seeks judgment in his favor on the interference claim and, alternatively, seeks to have the damage award reduced or, alternatively, vacated and retried. For the reasons set forth herein, Hall's motion will be granted to the extent that it seeks amendment of the damage award. In all other respects, the motion will be denied.

We need not revisit the facts in great detail for purposes of this opinion. Suffice it to say that all issues raised in Hall's motion were addressed either prior to or during trial, with the exception of the challenge to the jury's damage award.

A renewed motion for judgment as a matter of law "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Arnold v. Wilder*, 657 F.3d 353, 363 (6th Cir. 2011), *quoting Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001). "Neither the district court nor the reviewing court may reweigh the evidence or assess the credibility of witnesses." *Arnold*, 657 F.3d at 363.

Hall contends that he is entitled to judgment notwithstanding the verdict because there was no enforceable contract after Hall left his employment with Fern. Evidence purportedly establishing this contention was presented and argued to the jury. The jury found Hall liable for interfering with the Fern-Histo contract. We find no basis upon which to disturb the jury's verdict.

Hall urges that because he believed that there was no enforceable contract, he could not have intentionally interfered with the contract. Hall knew and, indeed, was intimately involved with the Fern-Histo contract on a year-by-year basis. The jury found that an enforceable contract existed and that Hall knowingly and intentionally interfered with it. His argument to the contrary was made unsuccessfully to the jury, and, again, we find no basis to disturb its verdict.

Hall contends that there was insufficient evidence upon which the jury could reasonably find that he interfered with the Fern-Histo contract without justification, or that such interference caused Fern any damage. Hall contends that submitting a proposal for the Histo business after leaving employment with Fern was insufficient evidence upon which to ground liability. He further urges

that, as Histo left Fern to follow Hall, any damages suffered by Fern were not caused by Hall. *(See* DN 140, pp. 6-7).

At the close of the evidence, the court found that there was sufficient evidence adduced by Fern that Hall's actions went beyond simply submitting a proposal to Histo. We determined that a reasonable jury could find that Hall acted without justification in diverting the business. The jury did not accept Hall's contentions that Histo would have followed Hall despite any purportedly wrongful actions on his part, and that no enforceable contract existed between Fern and Histo. The jury concluded from the evidence that Hall's actions caused injury to Fern. We find no basis upon which to disturb the jury's verdict.

Finally, the court concludes that the award of damages to Fern must be remitted from $488,461.00 to $367,201.48. As noted by Fern, "Remittitur may only be granted if the damage award 'exceeds the amount that a jury could reasonably find to be compensatory for the claimant's loss.'" DN 145, p. 10, *quoting Hillside Productions, Inc. v. City of Macomb*, 389 Fed.Appx. 449, 456 (6th Cir. 2010). We find the award exceeds Fern's finite claim for compensatory damages for 2008, the year for which the jury awarded damages.

The jury returned a verdict of $488,461.00 with a hand-written note inserted next to the total. The court asked the foreperson about the note. The foreperson indicated that the award was the sum of Genesis' actual revenue for the 2008 Histo show. Trans. of Verdict, p. 5.

The jury was instructed to "determine what sum or sums of money will reasonably and fairly compensate Fern for any damages which you find from the evidence resulted from the wrongful conduct you have found occurred in this case. Fern seeks...A sum not to exceed $791,659.41, for lost profits related to the National Society of Histotechnology ("Histo")." Jury Inst., p. 7. Plaintiff's

Exhibit 96 itemized Fern's damages for the years 2008 through 2013. The total of Fern's damages for those years was represented to be $791,659.41.

It is evident from the note and the amount awarded that the jury declined to award damages for the years 2009 through 2013. The note on the verdict form directs the court to the line item on Exhibit 96, "Genesis' actual revenue" for 2008 in the amount of $488,461.00. Thus the jury awarded compensatory damages only for the year 2008.

The difficulty with the award is that it exceeds the lost profits proven by Fern. By awarding actual revenue, rather than Fern's lost profit, the jury in effect awarded Fern a 100% profit margin on the 2008 Histo contract. Fern proved on Exhibit 96 that its damages for 2008 were its lost profit of $367,201.48. Thus, while the sum awarded by the jury was within the range of total compensatory damages claimed, it clearly exceeded the compensatory damages sought and proven by Fern for 2008.

As noted in *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 415 (6th Cir. 2006), "Because the purpose of compensatory damages is to make the injured party whole for the losses actually suffered, the amount of recovery for such damages is inherently limited by the amount of the loss." (applying Michigan law). This principle is no less applicable in this jurisdiction where juries must base their award of damages on evidence showing a reasonable basis of computation. *Broan Manufacturing Company, Inc. v. Associated Distributors, Inc.*, 923 F.3d 1232, 1240 (6th Cir. 1991). The law does not require a higher degree of certainty in damages than the nature of the case admits. *Id.* In this case, however, Fern's damages for 2008 were stated as a sum certain on Exhibit 96. Lest there be any doubt, Fern labeled its total of $367,201.48 at the bottom of the column "Fern damages."

The sum awarded by the jury evidences that it credited Fern's Exhibit 96, rather than the damage figures adduced by Hall. However, we conclude that the damage award exceeded the amount a reasonable jury could find to be compensatory for Fern's 2008 loss. The verdict must be remitted to $367,201.48.

For these reasons, the motion of the defendants for judgment as a matter of law, to alter or amend the judgment, or for a new trial will be granted in part and denied in part. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

June 19, 2012

Charles R. Simpson III, Judge
United States District Court